IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEGAN RASCH | ) | JUDGE |
| 1346 Kendal Drive | ) | |
| Broadview Heights, OH  44147 | ) | CASE NO. |
| Individually, and on behalf of all those | ) | |
| similarly situated | ) | |
| | ) | **COLLECTIVE AND CLASS ACTION** |
| Plaintiff, | ) | **COMPLAINT FOR VIOLATIONS OF THE FAIR** |
| | ) | **LABOR STANDARDS ACT, THE OHIO** |
| v. | ) | **CONSTITUTION, ARTICLE II, § 34a, THE OHIO** |
| | ) | **MINIMUM FAIR WAGE STANDARDS ACT,** |
| EVENT SOURCE LOGISTICS LLC | ) | **OHIO REVISED CODE § 4111.03 AND** |
| 6001 Towpath Dr. | ) | **4111.08, AND THE OHIO UNTIMELY** |
| Cleveland, OH  44125 | ) | **PAYMENT OF WAGES ACT, OHIO REVISED** |
| | ) | **CODE § 4113.15** |
| c/o its Statutory Agent: | ) | |
| CFD Service Company, Inc. | ) | **JURY DEMAND ENDORSED HEREON** |
| ATTN:  MCC Twentieth Floor | ) | |
| 1300 E. 9th Street | ) | |
| Cleveland, OH  44114 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| J.B.K. GROUP, INC. | ) | |
| d/b/a Event Source | ) | |
| 6001 Towpath Drive | ) | |
| Cleveland, OH  44125 | ) | |
| | ) | |
| c/o its Statutory Agent: | ) | |
| John N. Bibbo, Jr. | ) | |
| 6001 Towpath Dr. | ) | |
| Cleveland, OH  44125 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Megan Rasch, on behalf of herself and all similarly situated individuals, by and through counsel, for her claims against Defendants Event Source Logistics, LLC and J.B.K. Group, Inc. d/b/a Event Source ("Defendants" or "Event Source"), states and alleges the following:

1.    Plaintiff brings this action under, and pursuant to, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et. seq. ("FLSA"); the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code ("R.C.") § 4111; the Ohio Untimely Payment of Wages Act, R.C. § 4113.15; the Ohio Prompt Pay Act, R.C. § 4113.61; and the Ohio Constitution, Article II, Section 34a.

2.    This action seeks monetary, declaratory, and equitable relief based on Defendants' willful failure to pay Plaintiff, and all similarly situated individuals, for all of the time they worked, including overtime wages, as required under Federal and Ohio law.

3.    The FLSA claims asserted herein are brought as a collective action pursuant to 29 U.S.C. § 216(b) (hereinafter referred to as the "FLSA Collective"), and the Ohio state claims brought are brought as a class action pursuant to Fed. R. Civ. P. 23 (hereinafter referred to as the "Ohio Class").

**THE PARTIES**

4.    Named Plaintiff, Megan Rasch, is a United States citizen and an Ohio resident, residing in the Northern District of Ohio.

5.    At times relevant to this Complaint, named Plaintiff Megan Rasch was an employee of, and performed  non-exempt job duties during the course of her employment with Defendants.

6. At all times relevant to this Complaint, Defendant Event Source Logistics LLC was a family-owned Ohio Domestic Limited Liability Company ("LLC"), owned and operated by John Bibbo, Jr., Kevin Bibbo, John Bibbo, Sr., and Susan Bibbo, and Defendant J.B.K. Group, Inc. d/b/a Event Source was a for-profit Ohio corporation.

7. At all times relevant to this Complaint, Defendant Event Source Logistics LLC was registered with the Ohio Secretary of State as an Ohio Domestic LLC, subject to service of process in Ohio through its registered agent, CFD Service Company, Inc., Attn: MCC Twentieth Floor, 1300 East Ninth Street, Cleveland, Ohio 44114; and Defendant J.B.K. Group, Inc.d/b/a was registered with the Ohio Secretary of State as an Ohio Corporation for profit, subject to service of process through its registered agent John N. Bibbo, Jr., 6001 Towpath Drive Cleveland, Ohio 44125-4221, and upon information and belief, Defendants maintain offices at 6001 Towpath Dr., Cleveland, Ohio 44125, as well as in Columbus Ohio, Detroit Michigan, Pittsburgh Pennsylvania, Pompano Beach Florida, and West Palm Beach Florida.

8. At all times relevant to this Complaint, Defendants were in the business of renting equipment to customers to stage 'Special Events', using products Defendants purchase and/or custom-make.

9. Upon information and belief, Defendants store their rental equipment and products in Cleveland, Ohio, and transport said equipment and products to customers in various locales, including Cleveland, Columbus, Detroit, and Pittsburgh. Upon information and belief, each Defendant's gross annual sales exceed $500,000.

10. Defendants employ many non-exempt employees, including **Event Rental Specialists**, whose job duties include staging equipment for prospective customers' viewing,

calling former customers to gage their interest in renting Defendants' products/equipment for future 'Special Events', and contacting customers following their rental of Defendants' products for feedback; **Warehouse Associates**, whose job duties include caring for, storing, and maintaining Defendants' products in Defendants' warehouses; and **Drivers,** whose job duties include transporting Defendants' products to and from customers.

## JURISDICTION AND VENUE

11.     Because this action arises, in part, under the FLSA, this Court has federal question jurisdiction over it pursuant to 28 U.S.C. § 1331 as it concerns a claim arising under federal law.

12.     This Court's jurisdiction over this case also arises under 28 U.S.C. § 1367 because this Court has supplemental jurisdiction over the claims brought pursuant to Ohio law, as they arise from a common set of operative facts, and are so related to the claims over which this Court has original jurisdiction, that they form a part of the same case or controversy.

13.     Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in this judicial district, and most of the events giving rise to the claims occurred in this judicial district.

## COUNT ONE
### (FLSA Violations)

14.     At all times relevant to this Complaint, Defendants were, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.     At all times relevant to this Complaint, Defendants employed the named Plaintiff, and all similarly situated members of the putative FLSA Collective, as provided in  the FLSA, 29 U.S.C. § 203(e)(1).

16.     The named Plaintiff consented to bring this action under the FLSA.

17.     Upon information and belief, the named Plaintiff, and all similarly situated members of the putative FLSA Collective she seeks to represent, are covered under the FLSA by virtue of their engagement in interstate commerce, or the production of goods for interstate commerce, pursuant to 29 U.S.C. § 207(a)(1).

18.     Upon information and belief, each Defendant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1) by virtue of its business' engagement in "related activities" performed for a "common business purpose", through "common control" and a "unified operation"; by virtue of its engagement in interstate commerce, or in the production of goods for interstate commerce, as defined by 29 C.F. R. §779.234; 29 U.S.C. §203(s)(1); and by virtue of the fact that its employees are engaged in interstate commerce, and in the production of goods for interstate commerce; and by virtue of its employees' handling, selling, or otherwise working with goods and materials that have been moved in, or produced for, interstate commerce; and Defendants collectively and individually have annual gross sales of at least $500,000.  Therefore, pursuant to 29 U.S.C. § 203(s)(1)(A)(i) and (ii), Defendants are subject to the requirements of the FLSA.

19.     The FLSA requires Defendants to compensate all non-exempt employees at a rate not less than one and a half (1 ½) times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

20.    Plaintiff and the putative members of the FLSA Collective she seeks to represent were, and are, paid hourly, and are not exempt from the overtime provisions of the FLSA.

21.    Plaintiff and the FLSA Collective she seeks to represent are entitled to be paid overtime compensation for all overtime hours worked.

22.    At all times relevant to this Complaint, Defendants had a policy and practice of failing to accurately record their non-exempt employees' actual hours worked, resulting in non-payment for some of the hours they worked in excess of forty (40) hours per week.

23.    Moreover, Defendants engaged in a fraudulent policy and practice of manually altering non-exempt employee time cards to reflect that they worked less time than they actually worked, and paid said employees based on the altered time cards, rather than on the time cards that reflected the time they actually worked, which resulted in non-exempt employees not being paid for all the time they worked, including overtime compensation for hours they worked in excess of forty (40) per week.

24.    For example, if a non-exempt employee clocked in to work at 8:07 a.m., Defendants altered his/her time card to reflect that he/she had clocked in at 8:30 a.m., thereby fraudulently relieving Defendants of their obligation to pay the employee for the 23 minutes he/she worked prior to 8:30 a.m., and fraudulently depriving the employee of wages for the 23 minutes he/she worked prior to 8:30 a.m.

25.    Defendants also engaged in the unlawful policy and practice of paying non-exempt employees in half hour increments, rather than the amount of time they actually worked, and then engaged in the fraudulent policy and practice of manually rounding their hours to the later, rather than earlier, half hour increment, to reduce Defendants' payment

obligation to its non-exempt employees, including, but not limited to, its overtime payment obligations.

26.     As a result of Defendants' failure to compensate its non-exempt employees, including Plaintiff and all putative members of the FSLA Collective she seeks to represent, at a rate of not less than one and a half (1 ½) times their regular rate of pay for work they performed in excess of forty (40) hours per work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §207(a)(1) and §215(a).

27.     Upon information and belief, Defendants have failed to make, keep, and preserve accurate time records for Plaintiff and the members of the FLSA Collective she seeks to represent sufficient to determine wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §211(c) and §215(a).

28.     Plaintiff first reported the shorting of her pay to Defendants' Human Resources Department on or about November 15, 2015, at which time the Human Resources staff told her, "This is the way Event Source does it."

29.     Notwithstanding the fact that Plaintiff reported the shorting of her pay to other members of Defendants' H.R. and management teams,  at no time did Defendants compensate Plaintiff for the hours they had shorted her, and at no time during her employment did Defendants stop their practice of rounding their hourly employees' time to the next later half hour increment.

30.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

7

31.     As a result of Defendants' willful violation of the FLSA, the three (3) year statute of limitations applies, pursuant to 29 U.S.C. §255, to Plaintiff's claim and the claims of the putative members of the FLSA Collective she seeks to represent.

32.     Plaintiff, on behalf of herself and the FLSA Collective she seeks to represent, is entitled to damages in the amount of her respective unpaid overtime compensation, liquidated damages, pre-judgment interest,  attorney's fees, costs, and such other compensation and legal and equitable relief available pursuant to 29 U.S.C. §216(b).

33.     Plaintiff brings this action under 29 U.S.C. §216(b) on behalf of herself and a collective consisting of:

> **All non-exempt employees employed by Defendants beginning three (3) years immediately preceding the filing of this Complaint through the date of final judgment in this matter, who elect to opt-in to this action (heretofore and hereinafter referred to as the "FLSA Collective" ).**

34.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorney's fees under the FLSA.  In addition to the named Plaintiff, numerous putative members of the FLSA Collective were not paid their proper overtime wages due to Defendants' company-wide payroll policies and practices.  The named Plaintiff is representative of these other similarly situated employees, and in bringing this action, is acting on behalf of their interests, as well as her own.

35.     The identity of the putative §216(b) FLSA Collective members is known to Defendants, and are readily identifiable through Defendants' payroll records.  These individuals may readily be notified of this action, and allowed to opt into it, pursuant to 29 U.S.C. §216(b),

for the purpose of collectively adjudicating their claims for overtime and minimum wages, liquidated damages, and attorney's fees and costs under the FLSA.

36.     The result of Defendants' policies and practices is that Defendants willfully failed to pay wages, including overtime wages, to save payroll costs. Thus, Defendants enjoyed substantial ill-gained profits at the expense of the named Plaintiff and the putative FLSA Collective.

## STATEMENT OF FACTS IN SUPPORT OF ADJUDICATING THE OHIO LAW CLAIMS AS A CLASS ACTION

37.     Plaintiff re-alleges and incorporates by reference the allegations stated in paragraphs 1 through 33 as if fully restated herein.

38.     Plaintiff brings her Ohio Law claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> **All of Defendants' non-exempt employees who worked more than forty (40) hours in any work week beginning three (3) years immediately preceding the filing of this Complaint, through the date of final disposition of the case (hereafter referred to as the "Ohio Overtime Rule 23 Class", the "Rule 23 Class", or the "Ohio Overtime Rule Class Members").**

39.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

40.     The named Plaintiff is a member of the Rule 23 Overtime Class, and her claims for unpaid wages, including overtime wages, are typical of the claims of other members of the Ohio Overtime Rule 23 Class.

41.     The named Plaintiff will fairly and adequately represent the interests of all members of the Rule 23 Class.

42.     The named Plaintiff has no interest antagonistic to, or in conflict with, those of the Ohio Overtime Rule Class she has undertaken to represent.

43.     The named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Overtime Rule 23 Class.

44.     Questions of law and fact are common to the Ohio Overtime Rule 23 Class.

45.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

46.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted, or refused to act, on grounds generally applicable to the Ohio Overtime Rule 23 Class, making declaratory and injunctive relief appropriate with respect to the named Plaintiff, and the Ohio Overtime Rule 23 Class as a whole.

47.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as questions of law and fact common to the Ohio Overtime Rule 23 Class predominate over questions affecting individual members of the Ohio Overtime Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

48.     Questions of law and fact common to the Ohio Overtime Rule Class include, but are not limited to:  (a) whether Defendants violated Ohio law by failing to pay Ohio Overtime Rule 23 Class members for all hours worked, including all hours worked in excess of forty (40) hours per work week for the duties they performed on Defendants' behalf, and pre- and post-shift off-the-clock work; (b) whether Defendants maintained accurate records of the amount of

time members of the Ohio Overtime Rule 23 Class actually worked each day; (c) whether Defendants fraudulently altered their hourly employees' timecards; (d) whether Defendants' violations of Ohio law were knowing and willful; (e) what amount of unpaid and/or withheld compensation Defendants owe the named Plaintiff and other members of the Ohio Overtime Rule 23 Class on account of Defendants' violations of Ohio law; and (f) what amount of prejudgment interest Defendants owe Ohio Overtime Rule 23 Class members on the overtime and/or other compensation Defendants withheld or otherwise failed to pay them.

49.     A class action is superior to individual actions for the fair and efficient adjudication of the named Plaintiff, and the Ohio Overtime Rule 23 Class', claims, and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Because the damages individual members sustained are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT TWO**
**(Violation of Article II §34A of the Ohio Constitution)**

50.     Article II §34a of the Ohio Constitution requires that employees be paid not less than minimum wages as determined by an inflation index for all hours worked.

51.     By not paying Plaintiff and the Rule 23 Class at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, §34a.

52.     Defendants failed to accurately record and/or apply records of the named Plaintiff and Ohio Class Members for hours worked for each day worked and thereby failed to

maintain records of the named Plaintiff's and Ohio Class Members' actual hours worked for each day worked in violation of the Ohio Constitution, Article II, §34a.

53.     As a result of Defendants' violations, Plaintiff and the Rule 23 Class are entitled to damages, including, but not limited to, unpaid wages, an additional two times unpaid wages in damages under Section 34a, costs, and attorney's fees.

## COUNT THREE
### (Ohio Minimum Wage Fair Standards Act Violations)

54.     Ohio law, specifically the Ohio Minimum Wage Fair Standards Act, requires employers to pay non-exempt employees overtime compensation in an amount "not less than one and one-half times (1.5) the employees' regular rate of pay for all hours worked over forty (40) in one work week, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937."  See R.C. §4111.03(A); 29 U.S.C. §207(a)(1).

55.     While employed by Defendants, the named Plaintiff, and members of the Rule 23 Class, worked in excess of 40 hours per work week, but were not paid overtime wages for all such hours.

56.     The named Plaintiff and the Ohio Overtime Rule Class were not exempt from the overtime provisions of Ohio law.  Indeed, at all relevant times, the named Plaintiff and the Ohio Overtime Rule 23 Class Members were not exempt from being paid overtime wages because, *inter alia*, they were not "executive", "administrative", "professional", "outside sales", or "computer" employees, as those terms are defined in  the FLSA.  See R.C. §4111.03(A); C.F.R. §§ 541.0, et seq.

12

57.     Defendants' repeated and knowing failure to pay all earned overtime wages to the named Plaintiff and the Ohio Overtime Class Members violated R.C. §4111.03.

58.     As a result of Defendants' violations of R.C. §4111.03, the named Plaintiff and the Ohio Overtime Rule Class Members have suffered, and continue to suffer, damages, and therefore seek unpaid overtime and other compensation, liquidated damages, interest, attorney's fees, and all other remedies available to them.

**COUNT FOUR**
**(Violations of the Ohio Untimely Payment of Wages Act)**

59.     At all relevant times, Defendants employed the named Plaintiff and the Rule 23 Class Members within the meaning of the Ohio Untimely Payment of Wages Act, R.C. 4113.15.

60.     At all relevant times, Defendants were covered by this statute and subject to its provisions.

61.     The Act requires Ohio employers to pay non-exempt employees all wages they have earned, including overtime, on or before the first day of each month, for wages they earned during the first half of the preceding month, ending on the fifteenth day thereof, and on or before the fifteenth day of each month, for wages they earned during the last half of the preceding calendar month.  See R.C. §4113.15(A).

62.     At all relevant times, Defendants failed to pay the named Plaintiff and the Ohio Overtime Rule 23 Class members, within thirty (30) days of the date they performed work for Defendants, all wages they had earned, as Defendants were required to do pursuant to R.C. § 4113.15(B).

63.     The named Plaintiff's wages, and the wages of the Ohio Overtime Rule Class Members, have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

64.     The named Plaintiff and the Ohio Overtime Rule Class Members have been harmed by Defendants' acts and omissions described herein.

65.     In violating this Act, Defendants have acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective and the Rule 23 Class she seeks to represent, prays for the following relief:

A.     Designation of this action as a collective action on behalf of Plaintiff and the FLSA Collective she seeks to represent for the FLSA claims, and prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b), and equitable tolling of the statute of limitations from the date of filing of this Complaint until expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

B.     A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recording keeping requirements pursuant to 29 C.F.R. §§ 516.2, et seq., the Ohio Constitution Article II, §34a, the Ohio Minimum Fair Wage Standards Act, and the Ohio Untimely Payment of Wages Act;

14

C.      An injunction prohibiting Defendants from engaging in present, ongoing, and/or future violations of the FLSA and Ohio law;

D.      Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, et seq., the supporting United States Department of Labor regulations, and the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, in an amount equal to all unpaid compensation Defendants owe the named Plaintiff, the FLSA Collective, and the Rule 23 Class;

E.      Pursuant to Article II, §34a of the Ohio Constitution, in addition to unpaid wages, an additional two times (2x) unpaid wages in damages;

F.      Pursuant to the Ohio Untimely Payment of Wages Act, judgment against Defendants for liquidated damages equal to six percent (6%) of all unpaid wages, including unpaid overtime compensation, Defendants owe the named Plaintiff and members of the FLSA Collective and the Rule 23 Class;

G.      Reasonable attorney's fees, all costs and disbursements, a reasonable allowance for fees of experts, and reimbursement of expenses in connection with this action;

H.      An award of punitive damages on grounds that the FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA, and Ohio law, pursuant to R.C. § 2307.60, entitles those injured in person or property by a criminal act to recover damages, including exemplary and punitive damages, in a civil action;

I.      Judgment for any and all civil penalties to which the named Plaintiff, and members of the FLSA Collective and Rule 23 Class, may be entitled;

15

J.      Certification of this case as a Class Action pursuant to Fed. R. Civ. P. 23 as to the claims brought under the Ohio Constitution Article II §34a , the Ohio Minimum Wage Fair Standards Act and the Ohio Untimely Payment of Wages Act;

K.      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as class counsel;

L.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M.      Such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

*/s/ Caryn M. Groedel*
Caryn M. Groedel (0060131)
*cgroedel@groedel-law.com*
Matthew Grimsley (0092942)
*mgrimsley@groedel-law.com*
CARYN GROEDEL & ASSOCIATES CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH  44139
Phone:  (440) 544-1122
Fax:      (440) 996-0064
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Caryn M. Groedel*
Caryn M. Groedel